UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HEIMERL LAW FIRM
Wolfgang Heimerl, Esq. (WH-5192)
110 Wall Street, 11th Floor
New York, New York 10005
Tel. (212) 709-8370

Attorneys for Plaintiff
INTERNATIONAL SHIPBREAKING LIMITED, LLC

| | |
|---|---|
| INTERNATIONAL SHIPBREAKING LIMITED, LLC,<br><br>        Plaintiff,<br><br>   -against-<br><br>KEVIN J. McCABE individually and doing business as PARTRIDGE HOLDINGS, LLC, MARY LOU McCABE, MICHAEL C. DONOVAN, AGRICULTURAL EVOLUTION, INC. (d/b/a AGRICULTURAL EVOLUTION, LLC), DEBORAH I. MALDEN, RAVENSROCK CAPITAL PARTNERS, LLC., and MOSES & SINGER, LLP.<br><br>        Defendants. | CIVIL ACTION NO. **'07 CIV 10532**<br><br>COMPLAINT<br><br>**JUDGE CONNER** |

  Plaintiff, International Shipbreaking Limited, LLC, (by and through its shareholder Richard J. Makoujy) by way of Complaint against defendants, Kevin J. McCabe individually and doing business as Partridge Holdings, LLC ("Partidge"), Mary Lou McCabe, Michael C. Donovan, Agricultural Evolution, Inc. (d/b/a Agricultural Evolution, LLC), Deborah I. Malden, Ravensrock Capital Partners, LLC, and Moses & Singer, LLP states as follows:

**THE PARTIES**

  1. International Shipbreaking Limited, LLC ("ISL") is a limited liability company organized and existing pursuant to the laws of the State of Texas and maintains its principal place of business in Texas.

2. Upon information and belief, defendant Kevin J. McCabe ("K. McCabe") is now, and was at all relevant times, a citizen of the State of New York.

3. Upon information and belief, defendant Mary Lou McCabe ("M. McCabe") is now, and was at all relevant times, a citizen of the State of New York.

4. Upon information and belief, defendant Michael C. Donovan ("M. Donovan") is now, and was at all relevant times, a citizen of the State of Colorado.

5. Upon information and belief, defendant Agricultural Evolution, Inc., d/b/a Agricultural Evolution, LLC ("AEI") is a corporation organized and existing in the State of New York.

6. Upon information and belief, defendant Deborah I. Malden ("D. Malden"), the wife of M. Donovan, is now, and was at all relevant times, a citizen of the State of Colorado.

7. Upon Information and belief, defendant Ravensrock Capital Partners, LLC ("Ravensrock") is a limited liability company organized and existing under the laws of the State of Delaware with its principal offices located in the County of Westchester, State of New York.

8. Upon Information and belief, Moses & Singer, LLP, is a limited liability partnership organized and existing under the laws of the State of New York with its principal offices in the State of New York.

## JURISDICTION AND VENUE

9. Inasmuch as complete diversity exists among the plaintiff and all defendants, and the amount in controversy, exclusive of

interest and costs, exceeds the jurisdictional requirement, jurisdiction is appropriate pursuant to *28 U.S.C. § 1332.* Upon information and belief, defendant Ravensrock's principal place of business is located in the County of Westchester in the State of New York. Accordingly, venue in this Court is appropriate pursuant to *28 U.S.C. § 1391(a).*

## **THE UNDERLYING FACTS**

10.   ISL is in the business of scrapping and recycling military and commercial vessels which are being decommissioned.

11.   ISL has four (4) equity holders, including defendants K. McCabe and M. Donovan and Richard J. Makoujy, Jr. ("Makoujy") who brings this action on behalf of ISL.

12.   In early 1999, the management team consisted of K. McCabe, M. Donovan and Makoujy. At that time Makoujy had a 13.85% equity interest in ISL.

13.   In mid 1999 Makoujy resigned from the management team of ISL but retained his 13.85% equity interest in ISL.

14.   Upon information and belief, K. McCabe and M. Donovan are now, and at all relevant times have been, officers and directors of ISL, and have, since mid 1999, ostensibly directed the corporate actions of ISL.

15.   Since mid 1999, K. McCabe and M. Donovan have taken actions, as set forth in more detail below, which have been to the detriment of ISL, and have directly, or indirectly, benefitted K. McCabe, M. McCabe, M. Donovan and D. Malden.

16. Upon information and belief, during the reign of control over ISL by K. McCabe and M. Donovan, each of K. McCabe and M. Donovan have, or have caused ISL to have:

- A. Paid over to Ravensrock, an entity in which K.McCabe and M. Donovan are the only equity holders, $7,500 per month, since 1999, for office related expenses. Which expenses are either overstated and/or fabricated.

- B. Paid compensation to K. McCabe and M. Donovan, through Partridge Holdings, LLC (of which K. McCabe and M. McCabe are the only equity holders) and Agricultural Evolution, Inc. d/b/a Agricultural Evolution, LLC (of which M. Donovan and D. Malden are the only equity holders) far in excess of the fair and reasonable value of the services they provided to ISL.

- C. Diverted a corporate opportunity away from ISL and for the benefit of among others K.McCabe and M. Donovan, by forming Rio Grande Shredding Company, LLC to the exclusion of Makoujy.

- D. Devoted a substantial amount of time and effort to, and accepted officer and/or director positions with Rio Grande Shredding, LLC while being paid only by ISL, and caused other employees of ISL to devote substantial amount of time and effort to, and accept officer and/or director positions with, Rio Grande Shredding Company, LLC.

- E. Consented to the assignment of certain contracts or agreements to Rio Grande Shredding Company, LLC without ISL having received adequate compensation therefore.

- F. Directed that ISL equipment, personnel, facilities and other ISL resources be used for the benefit of Rio Grande Shredding Company, LLC without receiving adequate compensation therefore.

- G. Permitted Rio Grande Shredding Company. LLC to become a direct and/or indirect competitor of ISL.

- H. Diluted, without justification or explanation, Makoujy's equity interest in ISL from 13.85% to 11.95%.

 I. Failed to report, and/or attempted to conceal, a potential and/or actual environmental spill which resulted in the failure of certain United States agencies to award ISL additional contracts.

 J. Failed to cooperate with potential purchasers of ISL at a time when ISL had significant value only to preserve their excessive compensation awards.

17. Upon information and belief, Moses & Singer, LLP was at all relevant times, legal counsel to ISL.

18. Upon information and belief, Moses & Singer, LLP issued a legal opinion which passed on the propriety of excessive compensation awards to K.McCabe and M. Donovan.

19. In issuing such a legal opinion, Moses & Singer, LLP disregarded its duty of loyalty to ISL and clearly was a conflict of interest as it rendered its opinion for the benefit of K.McCabe and M. Donovan.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

20. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 19 as if set forth at length and in detail herein.

21. As officers and directors of ISL, K. McCabe and M. Donovan owe a fiduciary duty to ISL.

22. Defendants K. McCabe and M. Donovan violated their fiduciary duty to ISL by, among other things, causing ISL to enter into agreements with and make payment to Ravensrock, Partridge and AEI and/or K. McCabe and M. Donovan that were unreasonable and unfair to ISL without disclosing such actions to, or obtaining the approval of Makoujy.

23. Defendants K. McCabe, M. McCabe, M. Donovan and D. Donovan have unjustly profited from these transactions and payments.

24. Defendants are legally obligated to account for the profits made by them from their unfair transactions with ISL and to cause each of them to restore those profits to ISL and to compensate ISL for the financial injury resulting from the unwillingness or inability of any defendant to make such restitution.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Duty of Loyalty)

25. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 24 as if set forth at length and in detail herein.

26. As officers and directors of ISL, K. McCabe and M. Donovan owe a duty of loyalty to ISL.

27. Defendants K. McCabe and M. Donovan have violated their duty of loyalty to ISL by, among other things, causing ISL to enter into agreements with and made payment to Ravensrock, Partridge and AEI and/or K. McCabe and M. Donovan that were unreasonable and unfair to ISL without disclosing such actions to, or obtaining the approval of Makoujy.

28. Defendants K. McCabe and M. Donovan have violated their duty of loyalty to ISL by, among other things, forming Rio Grande Shredding Company, LLC, separate and apart from ISL, and Makoujy, and devoted certain time and efforts to Rio Grande Shredding Company, LLC while being paid only by ISL and by having ISL enter into agreements with, or making payment to, Rio Grand Shredding, LLC.

29. As a result of the actions of K. McCabe and M. Donovan, ISL incurred additional interest and/or fees on its debt financing which, but for the actions of K. McCabe and M. Donovan, could have been retired, thus, eliminating substantial additional interest payments and or fees.

30. As a result of the actions of K. McCabe and M. Donovan, ISL breached its duty of loyalty as it failed to maximize shareholder value.

31. Defendants K. McCabe, M. McCabe, M. Donovan and D. Malden have unjustly profited from these transactions and payments.

32. Defendants are legally obligated to account for the profits made by them from their unfair transactions with ISL and cause each of them to restore those profits to ISL and to compensate ISL for the financial injury resulting from and the unwillingness or inability of any defendant to make such restitution.

33. Moses & Singer, LLP as legal counsel to ISL, owed a duty of loyalty to ISL.

34. Moses & Singer, LLP's opinion letter condoning ISL's excessive payments to K. McCabe and M. Donovan was a violation of this duty of care.

35. Moses & Signer, LLP's actions were a conflict of interest and thereby breached its duty of care owed to ISL.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Theft of Business Opportunity)

36. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 35 above as if set forth at length and in detail herein.

37. As officers and directors of ISL, defendants K. McCabe and M. Donovan owed a fiduciary duty to ISL.

38. Defendants K. McCabe and M. Donovan diverted a corporate opportunity away from ISL by forming, to the exclusion of ISL and Makoujy, Rio Grande Shredding Company, LLC and did not first offer that opportunity to ISL.

39. As a result of the actions of K. McCabe and M. Donovan, ISL incurred additional interest on its debt financing which, but for the actions of K. McCabe and M. Donovan, could have been retired, thus, eliminating additional interest payments and/or fees.

40. Defendants K.McCabe and M. Donovan have unjustly profited from forming Rio Grande Shedding Company, LLC and each of them must restore those profits to ISL.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Corporate Mismanagement)

41. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 40 above as if set forth at length and in detail herein.

42. Upon information and belief, K. McCabe and/or M. Donovan had knowledge of a potential release of contaminates in to the port in Brownsville, Texas, where ISL maintains its principal place of business.

43. Despite K. McCabe's and M. Donovan's knowledge of the potential release of contaminates, K. McCabe and M. Donovan failed to timely report such release and/or attempted to conceal such release, which failure or concealment caused ISL to lose potential lucrative government contracts.

44. Furthermore, upon information and belief, K. McCabe and M. Donovan took actions, or failed to take actions, which led to the accrual of additional interest on ISL's debt financing.

45. Upon information and belief, K. McCabe and M. Donovan, either individually or through Partridge and/or AEI, received compensation which was directly related to the payment of additional interest on ISL's debt financing. Thus, the more interest ISL paid, the more compensation K. McCabe and M. Donovan received.

46. In or about 2004, several leads were delivered to K. McCabe for the possible sale of ISL. Upon Information and belief, K. McCabe failed to use due diligence in pursuing these leads.

47. Upon information and belief, K. McCabe failed to pursue these leads because a sale of ISL would result in K. McCabe not receiving the excessive compensation from ISL to which he was accustomed to.

48. As a result of market conditions, the market value of ISL is less now than in 2004.

49. ISL has been damaged as a result of the corporate mismanagement by K. McCabe and M. Donovan as set forth above.

**WHEREFORE**, International Shipbreaking Limited, LLC respectfully demands Judgment against defendants, jointly and severally, as follows:

(A) On the First Count of the Complaint, an amount to be proven at trial, which amount is in excess of $50,000,000;

(B) On the Second Count of the Complaint, an amount to be proven at trial, which amount is in excess of $50,000,000;

(C) On the Third Count of the Complaint, an amount to be proven at trial, which amount is in excess of $50,000,000;

(D) On the Fourth Count of the Complaint, an amount to be proven at trial, which amount is in excess of $50,000,000;

(E) For the costs of this suit, including reasonable attorneys' fees;

(F) Such other relief as this Court may deem just and proper.

Dated: November 17, 2007

                                          **HEIMERL LAW FIRM**
                                          Attorney for Plaintiff

                                          By: _____
                                                Wolfgang Heimerl, Esq.